. JAMES B. NORRIS *vs.* REED SPENCER *& al.*

Whether the contract of one who engages to be responsible for another, is to be regarded as an original and joint, or as a collateral one, must depend upon the intention of the parties, to be ascertained from the nature of it and the language used.

Where a written contract is made in form between two, and signed by the parties named, and *at the same time,* a third person adds, *I agree to be security for the promisor in the above contract,* with his signature, the latter is holden as a joint promisor.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit against *Reed Spencer* and *Charles Ramsdell.* To maintain the issue on his part, the plaintiff produced and proved a paper executed by the defendants and himself, and also proved performance on his part. The paper was not under seal, and commenced thus. " This agreement made and concluded by and between *J. B. Norris* of *Hallowell,* and *Reed Spencer* of *Bangor,* this sixth day of *January,* 1826." The agreement provides, that *Norris* should furnish *Spencer* a six ox team and driver on certain conditions and for an agreed compensation, to be paid by *Spencer* between the first and fifteenth of the then next *October.* It was

signed                                    " *J. B. Norris.*
                                          *Reed Spencer.*"

Then followed on the same page — " I *Charles Ramsdell* of *Bangor*, county of *Penobscot*, agree to be security to the said *Norris* for the said *Spencer*, in the above contract.

                                    " *Charles Ramsdell.*"

The counsel for the defendants objected, that the evidence introduced on the part of the plaintiff was insufficient to maintain the action. The Judge instructed the jury, that the paper, with proof of the performance of the contract on the part of the plaintiff, was sufficient to maintain the action. On the return of a verdict for the plaintiff the defendants filed exceptions.

*McCobb*, for the defendants, said, the only question presented in this case was, whether *Ramsdell* could be joined in this action as a joint promisor. He contended, that he was not to be considered as a surety, but merely collaterally liable, as a guarantor, and therefore not liable as a joint promisor. He cited *Little* v. *Weston*, 1 *Mass. R.* 156, *and the Editor's note; True* v. *Harding*, 3 *Fairf.* 193 ; 6 *Bingh.* 201 ; *Ulen* v. *Kittredge*, 7 *Mass. R.* 233 ; 2 *Campb.* 215; 1 *Vent.* 293 ; *Cowper*, 227, 460 ; *Fell on Guaranty*, 20, 177 ; 7 *T. R.* 197 ; 5 *Binney*, 195 ; 5 *B. & Ald.* 165 ; *Oxford Bank* v. *Haynes*, 8 *Pick.* 423 ; 1 *Dev.* 372 ; 8 *Wend.* 512 ; 7 *Peters*, 113 ; *Levy* v. *Merrill*, 4 *Greenl.* 180. To be a surety is to be bound with another. To be security for another, is to be bound for him as a collateral undertaking.

*Wells*, for the plaintiff, said that the paper was signed by both defendants at the same time, and that as the instrument had been drawn as between the plaintiff and *Spencer*, *Ramsdell* placed the words before his signature, to show that he was merely a surety. Here too it was for the same consideration, as well as made at the same time. To have made it a collateral undertaking, it should have been made at a different time and for a different consideration. The plain meaning of the words show, that *Ramsdell* undertook to be security or surety for *Spencer*. *Hunt* v. *Adams*, 5 *Mass. R.* 358.

The opinion of the Court was drawn up by

SHEPLEY J. — Whether the contract of one, who engages to be responsible for another, is to be regarded as an original and joint, or as a collateral one, must depend upon the intention of the parties, to be ascertained from the nature of it and the language used. This contract, being for labor to be performed, and containing the terms of payment, was signed by the plaintiff and *Spencer*, in whose ability to pay there was not so much confidence as to induce the plaintiff to dispense with his obtaining security. It having been prepared and signed by these parties, a third person, who designed to become jointly responsible, could not make that intention known by simply signing his name without any declaration of the object. This might have been accomplished by signing his name and adding the words surety for *Spencer*. And this, it is admitted, would have made him jointly responsible. Instead of this he describes the place of his residence and says, he "agrees to be security to the said *Norris* for the said *Spencer* in the above contract." The only important words are I agree to be security in the above contract. This contract being without a date and there being no proof to the contrary, is presumed to have been made at the time of the original one ; and they become parts of the same transaction. He was to be security in the contract, which is equivalent to becoming a party to it ; and without any intimation, that he was to be a favored party. There is nothing indicating, that he was to pay only in case *Spencer* did not. And this appears to have been a consideration of importance in determining whether the contract was collateral in the case of *Jones v. Cooper, Cowp.* 227. It is said that a surety is one, who is bound with and for another ; while the word security only implies, that one is bound for another, and that he enters into a collateral undertaking, it being equivalent to the word guaranty ; and that this Court has so declared in the case of *True v. Harding*, 3 *Fairf.* 193. The contract in that case being upon the back of it, was " to secure the within note" out of a particular fund, and therefore admitting of no doubt, that it was collateral. The court observe, that " to secure, is a term equally as strong as if he had engaged to guaranty and must be understood to have the same meaning." That is, it must be so understood, as used in that contract, not that it usually has the same meaning. It has

not by usage acquired a legal and technical meaning like the word guaranty. To become security in a contract is to become a party to it in the character of a surety unless there be something indicating a different intention. In the case of *Newbury* v. *Armstrong*, 6 *Bing*. 201, the contract was " to be security" for another and " in case of any default, to make the same good," and there was no contract by the one for whom he became security, and the terms also clearly exhibit its collateral character. This is more like the case of *Hunt* v. *Adams*, where the contract having been made at the time the note was signed, and containing nothing indicating that it was intended to be collateral, it was held to be a joint and several promise.

*Exceptions overruled.*